**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:13-cv-452-Orl-31DAB**

**LUCIA L. ALVARADO,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 8)**
>
> **FILED:**　**May 9, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

    On March 20, 2013, the United States, on behalf of the Department of Education (the "Department"), sued Defendant for defaulting on student loans (Doc. 1). The Department obtained the entry of Clerk's default against Defendant pursuant to Federal Rule of Civil Procedure 55(a), when Defendant failed to file an answer (Doc. 7). The Department now moves for a default judgment for amounts owed under the student loan agreements and fees and costs incurred, and has filed supporting Declarations and a proposed Default Final Judgment (Doc. 8). The matter is now ripe for resolution.

The Court finds that Defendant's failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. *Art Schmidlin v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). The Department has submitted two Certificates of Indebtedness, prepared and submitted on behalf of the Department (and attached to the Complaint), and a Declaration for Entry of Default Judgment (Doc. 8 at 8), all duly certified under penalty of perjury. According to the evidence, as of May 8, 2013, there is due and owing to the Department from Defendant the sum of $3,126.23 unpaid principal, plus $4,881,70 in accrued interest at the rate of 8.00% through May 8, 2013 (for Claim No. 2010A46775) and $2,676.93 unpaid principal, plus $3,441.30 in accrued interest at the rate of 3.73% through May 8, 2013 (for Claim No. 2010A46786). Plaintiff's counsel avers that the Department has also incurred service of process costs in the amount of $45.00 and a "debt collection surcharge of 10% pursuant to 28 U.S.C. § 3011" in the amount of $1,412.62. The Department thus seeks judgment in the total amount of $15,583.78. The Court **recommends** that the motion be **granted, as to the principal, interest and service costs; and denied, as to the debt collection surcharge.**

Pursuant to Section 3011(a) of the Federal Debt Collection Procedures Act:

In an action or proceeding under subchapter B or C, and subject to subsection (b), the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.

28 U.S.C. § 3011(a).

A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Federal Rule 54(c), Fed. R. Civ. P. (2013). Plaintiff's Complaint does not include any allegations regarding the applicability of the Federal Debt Collection Procedures Act; nor does it seek recovery of a 10% surcharge.

Additionally, courts that have reviewed the issue have concluded:

"Under the plain language of § 3011, the government is not entitled to the surcharge as of the date of judgment. Instead, the provision permits recovery of the surcharge only when the government has either sought prejudgment remedies of attachment, receivership, garnishment or sequestration governed under subchapter B, or engaged in post-judgment enforcement proceedings under subchapter C of the Act." *United States v. George*, 144 F.Supp.2d 161, 165–66 (E.D.N.Y.2001) (*citing United States v. Sackett*, 114 F.3d 1050 (10th Cir.1997); *United States v. Maldonado*, 867 F.Supp. 1184, 1199 (S.D.N.Y.1994); *Rendleman v. Shalala*, 864 F.Supp. 1007, 1013 (D.Or.1994); *United States v. Smith*, 862 F.Supp. 257, 263 (D.Haw.1994); *United States v. Mauldin*, 805 F.Supp. 35, 36 (N.D.Ala.1992)); *see also United States v. Rostoff,* 164 F.3d 63, 73 n. 14 (1st Cir.1999) ("we agree with the Tenth Circuit that by the plain language of the statute 'a surcharge pursuant to § 3011 is not available in an action to obtain a judgment on a debt, but is instead limited to prejudgment and postjudgment actions or proceedings' ").

*U.S. v. Lyon*, NO. CIV S-10-2549 GEB; 2011 WL 2226308 *4-5 (E.D. Cal. June 7, 2011), *adopted by* 2011 WL 2909936 (E.D. Cal. July 14, 2011). The papers filed by the attorney for the Department present no argument nor cite any authority for application of the surcharge in this instance. As such, the Court does not find it to be recoverable here.

In view of all of the foregoing, it is respectfully **RECOMMENDED** that final judgment be entered in the Department's favor against Defendant in the amount of $3,126.23 unpaid principal, plus $4,881,70 in accrued interest at the rate of 8.00% through May 8, 2013 (for Claim No. 2010A46775) and $2,676.93 unpaid principal, plus $3,441.30 in accrued interest at the rate of 3.73% through May 8, 2013 (for Claim No. 2010A46786), and **$45** in taxable costs (service of process charge).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 13, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-4-

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy